## Commonwealth v. Krause

*Ward F. Clark*, Assistant District Attorney, for Commonwealth.

*Harry J. Liederbach*, for defendant.

SATTERTHWAITE, J., October 3, 1958.—Defendant has appealed from his conviction in summary proceeding before a justice of the peace of violation of section 820.1 of The Vehicle Code of May 1, 1929, P. L. 905, as added by the Act of August 24, 1951, P. L. 1350, 75 PS §407.1. This section provides as follows:

"Every commercial motor vehicle, and every combination of a commercial motor vehicle and trailer, or of a truck tractor and semi-trailer, when used on a highway, shall be so constructed or equipped as to bar water or other road surface substances thrown from

the rear wheels of such vehicle or combination at tangents exceeding twenty-two and one-half (22½) degrees, measured from the road surface, from passing in a straight line to the rear of such vehicle or combination."

The alleged offense arose out of defendant's operation of a truck tractor on a public highway without wheel flaps or other devices meeting the physical requirements of this section. He contends, however, that the statute simply does not apply to his factual situation since a truck tractor, operated alone, is not a commercial vehicle and, inasmuch as the tractor was not hitched to a trailer or semi-trailer, no combination was involved.

We believe that defendant's position must be sustained. Both "commercial motor vehicle" and "truck tractor" are technical phrases with particular meanings as specifically defined in section 102 of The Vehicle Code, 75 PS §2. A "truck tractor" as therein contemplated is a vehicle "designed and used primarily for drawing other vehicles, and not so constructed as to carry a load, other than a part of the weight of the vehicle and load so drawn." Defendant's vehicle was within this description and hence was obviously not a "commercial motor vehicle" which, subject to exceptions not presently material, is defined in section 102 as one "designed for carrying freight or merchandise."

Penal statutes must be strictly construed. While there might be differences of opinion as to whether or not mud flaps should be required on truck tractors when operated as a separate vehicle, all we hold is that the legislature has not so provided.

And now, October 3, 1958, defendant's appeal is sustained, the summary conviction is reversed and set aside and defendant is found not guilty, costs to be paid by the county.